THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY RICARDO BROWN, an individual, )
)
                                        Plaintiff, )
)
          v. )
)
J.P. MORGAN CHASE BANK, N.A. d/b/a )
CHASE BANK, a New York corporation, )
)
                                        Defendant. )
————————————————————— )
)
J.P. MORGAN CHASE BANK, N.A. d/b/a )
CHASE BANK, a New York corporation, )
)
                            Counterclaimant/ )
                            Third-Party Plaintiff, )
)
          v. )
)
DOROTHY P. BROWN, an individual; )
WILLIAM MICHAEL BROWN, an )
individual; MARIO A. ROBERSON, an )
individual; PAMELA CREMIEUX, an )
individual, )
)
                      Third-Party Defendants. )
————————————————————— )

Case No. 2:19-cv-01377

**ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S
COMPLAINT, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("JPMC"), incorrectly named herein as J.P.

MORGAN CHASE BANK, N.A. d/b/a CHASE BANK, answers plaintiff's complaint as

follows:

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 1
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1

1

## I. <u>PARTIES, JURISDICTION, AND VENUE</u>

2

      1.1    JPMC admits that plaintiff is a person purporting to reside in King County,

3

Washington.  Except as expressly admitted, JPMC denies all other allegations contained in

4

paragraph 1.1.

5

      1.2    JPMC admits that it is a national banking association with its main office, as

6

designated in its Articles of Association, in the state of Ohio.  Except as expressly admitted,

7

JPMC denies all other allegations contained in paragraph 1.2.

8

      1.3    JPMC admits that plaintiff purports to assert Washington common law or

9

statutory claims, and that this Court has jurisdiction.  Except as expressly admitted, JPMC

10

denies all other allegations contained in paragraph 1.3.

11

      1.4    JPMC denies the allegation that any tortious activity occurred on its part, and

12

lacks sufficient information to know the truth or falsity of the remaining allegations of

13

paragraph 1.4 and therefore denies the same.

14

## II. <u>ANSWER TO PLAINTIFF'S ALLEGED FACTS</u>

15

      2.1    JPMC admits that on or about May 16, 2019, Dorothy Brown ("Ms. Brown")

16

opened a Chase Total Checking Account ending in 5725 in her name ("Account 5725") at a

17

JPMC branch located in White Center.  JPMC further admits that it is a national banking

18

association.  JPMC further admits that on or about the same date, Ms. Brown deposited a check

19

payable only to her from CW Title in the amount of $74,073.41.  Except as expressly admitted,

20

JPMC lacks sufficient information to admit or deny all other allegations contained in

21

paragraph 2.1 and therefore denies the same.

22

      2.2    JPMC admits that on or about May 23, 2019, plaintiff was added to Account

23

5725 as a joint account holder.  Except as expressly admitted, JPMC lacks sufficient

24

information to admit or deny all other allegations contained in paragraph 2.2 and therefore

25

denies the same.

26

27

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 2
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1

2.3    JPMC states that the terms of the Deposit Account Agreement speak for themselves, and that the entire agreement is attached hereto as **Exhibit 1**. Except as expressly admitted, JPMC denies all other allegations contained in paragraph 2.3.

2.4    JPMC lacks sufficient information to admit or deny plaintiff's allegations concerning the contents of its website, because JPMC has multiple websites and plaintiff has not referenced a specific website address or page in his complaint. JPMC denies all other allegations contained in paragraph 2.4.

2.5    JPMC admits that on or about May 23, 2019, plaintiff withdrew $1,500.00 from Account 5725. Except as expressly admitted, JPMC denies all other allegations contained in paragraph 2.5.

2.6    JPMC admits that on or about May 24, 2019, it restricted Account 5725. Except as expressly admitted, JPMC denies all other allegations contained in paragraph 2.6.

2.7    JPMC lacks sufficient information to admit or deny the allegations contained in paragraph 2.7 and therefore denies the same.

2.8    JPMC admits that plaintiff complained about the restriction of Account 5725 to JPMC, and that he was informed that JPMC opened an investigation relating to Account 5275. Except as expressly admitted, JPMC denies all other allegations contained in paragraph 2.8.

2.9    JPMC denies paragraph 2.9.

2.10    JPMC denies paragraph 2.10.

2.11    JPMC denies paragraph 2.11.

2.12    JPMC denies paragraph 2.12.

### III. ANSWER TO FIRST CAUSE OF ACTION: ALLEGED CONVERSION

3.1    Answering paragraph 3.1, JPMC realleges and incorporates its answers to paragraphs 1.1 through 2.12, as though fully stated herein.

3.2    JPMC denies paragraph 3.2.

3.3    JPMC denies paragraph 3.3.

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 3
NO. 2:19-CV-01377

122006.0210/7775867.1

**IV. ANSWER TO SECOND CAUSE OF ACTION: ALLEGED INTERFERENCE TO CHATTEL**

4.1    Answering paragraph 4.1, JPMC realleges and incorporates its answers to paragraphs 1.1 through 3.3, as though fully stated herein.

4.2    JPMC denies paragraph 4.2.

4.3    JPMC denies paragraph 4.3.

4.4    JPMC denies paragraph 4.4.

4.5    JPMC denies paragraph 4.5.

**V. ANSWER TO THIRD CAUSE OF ACTION: ALLEGED FRAUD**

5.1    Answering paragraph 5.1, JPMC realleges and incorporates its answers to paragraphs 1.1 through 4.5, as though fully stated herein.

5.2    JPMC denies paragraph 5.2.

5.3    JPMC denies paragraph 5.3.

5.4    JPMC denies paragraph 5.4.

5.5    JPMC denies paragraph 5.5.

5.6    JPMC denies paragraph 5.6.

5.7    JPMC denies paragraph 5.7.

**VI. ANSWER TO FOURTH CAUSE OF ACTION: ALLEGED VIOLATION OF THE CONSUMER PROTECTION ACT**

6.1    Answering paragraph 6.1, JPMC realleges and incorporates its answers to paragraphs 1.1 through 5.7, as though fully stated herein.

6.2    JPMC denies paragraph 6.2.

6.3    JPMC denies paragraph 6.3, because it calls for a legal conclusion.

6.4    JPMC denies paragraph 6.4.

6.5    JPMC denies paragraph 6.5.

6.6    JPMC denies paragraph 6.6.

6.7    JPMC denies paragraph 6.7.

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 4
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1    6.8    JPMC denies paragraph 6.8.

2    6.9    JPMC denies paragraph 6.9.

3    6.10    JPMC denies paragraph 6.10.

4    6.11    JPMC denies paragraph 6.11.

5    6.12    JPMC denies paragraph 6.12.

6    **VII.    ANSWER TO FIFTH CAUSE OF ACTION: ALLEGED VIOLATION OF THE**

7    **WASHINGTON LAW AGAINST DISCRIMINATION**

8    7.1    Answering paragraph 7.1, JPMC realleges and incorporates its answers to

9    paragraphs 1.1 through 6.12, as though fully stated herein.

10    7.2    JPMC denies paragraph 7.2, because it calls for a legal conclusion.

11    7.3    JPMC lacks sufficient information to admit or deny paragraph 7.3 and therefore

12    denies the same.

13    7.4    JPMC denies paragraph 7.4.

14    7.5    JPMC denies paragraph 7.5.

15    7.6    JPMC denies paragraph 7.6.

16    Except as expressly admitted, JPMC denies all allegations contained in the complaint.

17    **VIII. PLAINTIFF'S PRAYER FOR RELIEF**

18    JPMC denies that plaintiff is entitled to the relief requested in the prayer.

19    **AFFIRMATIVE DEFENSES**

20    By way of further answer and affirmative defenses to plaintiff's complaint, JPMC

21    alleges as follows:

22    1.    Some or all of plaintiff's claims for failure to state facts upon which a claim for

23    relief may be granted.

24    2.    The Deposit Account Agreement ("DAA"), the terms of which were agreed to

25    by plaintiff, governs Account 5725, and contractually entitles JPMC to restrict it for the reasons

26    explained in its counterclaim and third-party complaint below.

27

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 5
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

3.    Some or all of plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, or unclean hands.

4.    JPMC's conduct is based on legitimate, reasonable, non-discriminatory and non-retaliatory business purposes that were in no way related to plaintiff's or Ms. Brown's race.

5.    JPMC did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in plaintiff's complaint.

6.    If plaintiff is able to show any discrimination occurred (which JPMC denies), then JPMC reserves the right to assert a mixed motive defense.

7.    JPMC acted in good faith, and therefore is immune from liability pursuant to RCW 74.34.215.

8.    To the extent that plaintiff has suffered any damage as a result of the matters alleged in his complaint, plaintiff has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

9.    Some or all of plaintiff's claims are barred to the extent he engaged in fraud related to the claims and alleged facts set forth in his complaint.

10.    JPMC reserves the right to amend its answer and affirmative defenses to allege additional defenses, add additional parties, and bring third-party claims, as may be identified during the course of discovery and investigation.

11.    JPMC prays for a judgment of dismissal with prejudice in its favor as against each and every claim asserted by plaintiff Rodney Brown, and for any other costs or expenses the Court deems appropriate.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER

## I.    INTRODUCTION

For its counterclaim, JPMorgan Chase Bank, N.A. ("JPMC") alleges the following facts:

1.    Pursuant to Fed. R. Civ. P. 22, JPMC asserts an interpleader counterclaim against counterclaim defendant, Rodney Ricardo Brown ("Rodney Brown"), and a third-party interpleader complaint against Ms. Dorothy Brown ("Ms. Brown"), Ms. Pamela Cremieux

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 6
NO. 2:19-CV-01377

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1

028b4ee6c1da01f5

("Ms. Cremieux"), Mr. Mario Roberson ("Mr. Roberson"), and Mr. William Michael Brown ("William Michael Brown").  By this counterclaim and third-party complaint, JPMC seeks to obtain a determination of the rights of the counterclaim defendant and third-party defendants to funds contained in each of the JPMC Accounts in which Ms. Brown is a named accountholder ("the Funds").

2.    Third-party defendant, Ms. Brown, is elderly and recovering from significant health issues; she is also the subject of an open investigation by Adult Protective Services ("APS") to determine whether she is being subjected to financial exploitation by certain family members.  She is the primary accountholder on Accounts 5725 and 9599.

3.    Counterclaim defendant, Rodney Brown, contends that the Funds contained in Account 5725 belong to him as a joint accountholder, and that JPMC has wrongly restricted them.  He also has claimed that Mr. Roberson has financially exploited Ms. Brown.

4.    Third-party defendant, William Michael Brown, claims that he is Attorney-in-Fact pursuant to a Durable Power of Attorney, dated August 12, 2019, and that this Power of Attorney gives him the right to make all financial decisions for Ms. Brown, including removal of the Funds.  Rodney Brown is named as alternate Attorney-in-Fact in the August 12, 2019 Power of Attorney.

5.    Third-party defendants, Ms. Cremieux and Mr. Roberson, are designated as Attorney-in-Fact and alternate Attorney-in-Fact, pursuant to a Power of Attorney, dated June 13, 2019.  They claim that the Funds belong only to Ms. Brown and that they are the proper Attorneys-in-Fact to aid Ms. Brown with her finances, including the Funds.  They further claim that Rodney Brown and William Michael Brown are financially exploiting Ms. Brown.  The claims of Rodney Brown and William Michael Brown on the one hand, and the claims of Ms. Cremieux and Mr. Roberson on the other, are adverse to each other.

6.    JPMC is aware of the two Powers of Attorney, which conflict.  JPMC also understands that the August 12, 2019 Power of Attorney was executed while APS was investigating whether Ms. Brown was being subjected to financial exploitation.  Moreover,

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT - 7
NO. 2:19-CV-01377

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1  JPMC has received conflicting information from APS, Ms. Brown, Mr. Roberson,

2  Ms. Cremieux, Rodney Brown, and William Michael Brown as to who should be making

3  decisions about what to do with the Funds.

4       7.    JPMC seeks this Court's determination of who has true authority over the

5  Accounts, to ensure that Ms. Brown is not being subjected to financial exploitation, and to avoid

6  exposure to multiple liability for the payment of the Funds, and, therefore, brings this

7  interpleader counterclaim and third-party complaint to respectfully request that the Court:

8  (i) direct that JPMC deposit all funds for accounts in which Ms. Brown is a named

9  accountholder into the registry of the Clerk of the Court; (ii) determine the rights of the

10  counterclaim defendant and third-party defendants to the Funds; and (iii) discharge JPMC from

11  all liability to the counterclaim and third-party defendants with respect to the Funds.

12      **II.**    **THE PARTIES, VENUE, AND JURISDICTION**

13       8.    JPMC is a national banking association with its main office, as designated in its

14  Articles of Association, in the state of Ohio.

15       9.    Counterclaim defendant Rodney Brown is the son of third-party defendant,

16  Ms. Brown; he is also named as a joint accountholder with Ms. Brown on JPMC Account 5725,

17  and a designated alternate Attorney-in-Fact on a Durable Power of Attorney, dated August 12,

18  2019, and attached hereto as **Exhibit 2**.  On information and belief, Rodney Brown resides in

19  King County, Washington.

20      10.    Third-party defendant Ms. Brown is 88 years old.  In at least the last year, she

21  has been recovering from serious health issues, and was hospitalized or resided in assisted living

22  for several months in 2019.  On information and belief, Ms. Brown presently resides in King

23  County, Washington at the residence of her two sons, Rodney Brown and William Michael

24  Brown, which is located at 3918 S. Brandon Street, Seattle, Washington.  Before her

25  hospitalization, she lived for many years at her own residence located at 821 16th Ave. SW,

26  Seattle, Washington ("the 16th Ave. Property").

27

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 8
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

11.     Third-party defendant Ms. Cremieux is Ms. Brown's long-time friend and neighbor (when Ms. Brown resided at the 16th Ave. Property,) and Attorney-in-Fact based on a Power of Attorney, dated June 13, 2019, and attached hereto as **Exhibit 3**.  Ms. Cremieux resides in King County, Washington.

12.     Third-party defendant Mr. Roberson is Ms. Brown's grandson, and alternate Attorney-in-Fact based on the Power of Attorney, dated June 13, 2019 (**Exhibit 3**).  In addition, Mr. Roberson holds a long-term joint account with Ms. Brown for JPMC Account 9599.[1]  On information and belief, Mr. Roberson resides in King County, Washington.

13.     Third-party defendant William Michael Brown is Ms. Brown's son and Attorney-in-Fact on the Durable Power of Attorney, dated August 12, 2019, and attached hereto as **Exhibit 2**.  On information and belief, William Michael Brown resides in King County, Washington.

14.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 over this Rule 22 interpleader counterclaim and third-party complaint.  The amount in controversy exceeds $75,000.  JPMC is diverse in citizenship from counterclaim defendant and all third-party defendants.

15.     Venue is proper pursuant to 28 U.S.C. § 1391.

### III.     FACTUAL ALLEGATIONS

16.     On or about May 16, 2019, Rodney Brown and William Michael Brown brought Ms. Brown to a JPMC branch located in White Center.  During this visit, Ms. Brown opened Account 5725.  Ms. Brown deposited a check in the amount of $74,073.41, payable only to herself from CW Title.  On information and belief, Ms. Brown obtained these funds after taking out a mortgage against real property that only she owned, known as 4018 Lexington Place S, Seattle, Washington ("the Lexington Property").

17.     At the time of this visit, Ms. Brown was wheelchair-bound, and according to the branch employee that assisted them in opening Account 5725, seemed sedated.  Ms. Brown

---

[1] The Account has been open since 1985, with Mr. Roberson added in October 2018.

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 9
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1    asked Rodney Brown to take her home so she could rest.  Rodney Brown refused to do so until

2    they finished opening Account 5725 and making the deposit.

3        18.    On May 23, 2019, Rodney Brown and William Michael Brown returned to the

4    White Center branch with Ms. Brown.  During this visit, Rodney Brown and William Michael

5    Brown asked to add Rodney Brown to Account 5725.  They also asked to remove Ms. Brown

6    from Account 5725.  Rodney Brown and William Michael Brown indicated that they wanted

7    to remove all of the Funds from Account 5725 once they became available, so that Rodney

8    Brown could use the Funds for his real estate business.  Branch personnel then questioned

9    Ms. Brown.  She appeared to be sedated and not lucid.  Branch personnel had to repeatedly

10   explain to Ms. Brown that she had opened a new account the previous week, and Ms. Brown

11   did not appear to remember this; still, Ms. Brown stated that she wanted Rodney Brown to be

12   added to Account 5725.

13       19.    After this May 23, 2019 visit, JPMC's branch personnel alerted Global Security,

14   and subsequently restricted Account 5725, so JPMC could investigate whether Ms. Brown was

15   being exploited.  On May 29, 2019, JPMC also referred this matter to APS.   The balance on

16   Account 5725 as of the date of this filing is $70,436.91.

17       20.    On or about June 3, 2019, a JPMC Global Security investigator interviewed

18   Ms. Brown's grandson, Mr. Roberson.  Mr. Roberson explained that he has assisted Ms. Brown

19   with her financial matters; he further expressed concern that his uncles, Rodney Brown and

20   William Michael Brown, were pressuring Ms. Brown to withdraw moneys from Account 9599

21   (an account that Mr. Roberson jointly held with her), and to borrow money against her

22   residential property.  Mr. Roberson stated that because of this concern, he thereafter moved

23   some money from Account 9599 to an account in his name only with Ms. Brown's full

24   knowledge and consent, in order to protect the Funds from being taken by Rodney Brown and

25   William Michael Brown.

26

27

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 10
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

21.    JPMC confirmed that on May 15 and 16, 2019, Ms. Brown made two withdrawals totaling $5,000 from Account 9599.  It is unknown for what purpose these withdrawals were made.  The current balance on Account 9599 is $145.59.

22.    Mr. Roberson also has advised that Ms. Brown recently transferred title of the 16th Ave. Property into his name in order to protect it from Rodney Brown and William Michael Brown.  According to Mr. Roberson, he and other family members believed that Ms. Brown would be returning to the 16th Ave. Property after leaving assisted living, but instead, Rodney Brown and William Michael Brown moved her into their house, and have since limited her interactions with other family members, including Mr. Roberson.

23.    On June 5, 2019, Global Security was contacted by White Center branch personnel after Rodney Brown and William Michael Brown brought Ms. Brown into the branch.  The Global Security investigator spoke privately with Ms. Brown.  Ms. Brown appeared cognitive and aware of her finances.  She also seemed aware that she had taken out a loan secured against the Lexington Property.  But Ms. Brown referred to notes she had on a paper before answering the investigator's questions.  And Ms. Brown did not recall opening, or agreeing to add Rodney Brown to, Account 5725.  Ms. Brown further advised that her grandson, Mr. Roberson, helps her with her finances, and that she is very comfortable with him paying her bills.  JPMC explained to Ms. Brown that it would continue to restrict the Funds on Account 5725 until it completed its review.

24.    On or about June 13, 2019, Ms. Brown executed a Power of Attorney designating her neighbor, Ms. Cremieux, as Attorney-in-Fact and Mr. Roberson as an alternate Attorney-in-Fact.  A copy of this Power of Attorney is attached as **Exhibit 3**.  Ms. Cremieux and Mr. Roberson state they obtained this Power of Attorney after discovering that Rodney Brown and William Michael Brown caused Ms. Brown's social security checks to be diverted from an Inspirus Credit Union account that Ms. Cremieux jointly held with Ms. Brown to a Wells Fargo account that Ms. Cremieux could not access.  Ms. Cremieux stated that she had used the funds from Ms. Brown's social security checks to pay certain of Ms. Brown's bills.

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 11
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1   25.     On or about June 27, 2019, a Global Security investigator again spoke with APS.

2   APS reported that Ms. Brown wanted to have Mr. Roberson appointed to have financial power

3   of attorney.  APS requested that JPMC continue to restrict Account 5725 until Mr. Roberson

4   received the power of attorney.

5   26.     On August 12, 2019, Ms. Brown executed a second Durable Power of Attorney

6   designating William Michael Brown as Attorney-in-Fact and Rodney Brown as alternate

7   Attorney-in-Fact (**Exhibit 2**).  This Power of Attorney was submitted to JPMC on or about

8   August 15, 2019, by William Michael Brown, who directed JPMC to cease any communications

9   with Mr. Roberson and discuss Account 5725 with only him or Rodney Brown.

10   27.     All of the aforementioned Accounts are governed by JPMC's Deposit Account

11   Agreement ("DAA") (attached as **Exhibit 1**).  The DAA authorizes JPMC to interplead account

12   funds where there are conflicting instructions or any dispute regarding an account.  (DAA § I.2.)

13   The DAA also contains provisions relating to transactions conducted by attorneys-in-fact on

14   behalf of accountholders.  In part, those provisions stated that Chase "may follow or refuse to

15   follow the agent's instructions at any time, including if we suspect fraud or abuse on your

16   account, unless state law requires otherwise."  (DAA § F.1. (vi).)

17   28.     In addition, RCW 11.125, *et seq.* permits a person to reject an acknowledged

18   power of attorney if the person in good faith believes it is not valid, or if the person makes a

19   report to the Department of Social and Health Services (which includes APS), stating a good

20   faith belief that the principal may be subject to financial exploitation.

21   29.     The DAA also contains provisions governing JPMC's authority to restrict

22   accounts.  In part, the DAA provided that:

23   There are many reasons we may decline or prevent transactions to
24   or from your account, but we generally do it to protect you or us, or
     to comply with legal requirements.  We may decline or prevent any
25   or all transactions to or from your account.  We may refuse, freeze,
     or reverse or delay any specific withdrawal, payment or transfer of
26   funds to or from your account, or we may remove funds from your
     account to hold them pending investigation, including in one or
27   more of the following circumstances:

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 12
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

* * * *

>    • We suspect that you may be the victim of a fraud, scam or financial exploitation, even though you have authorized the transaction(s);

* * * *

>    • We suspect that any transaction may involve illegal activity or may be fraudulent;

* * * *

>    • We reasonably believe that doing so is necessary to avoid a loss or reduce risk to us.

* * * *

>    • We will have no liability for any action we take under this section.

(DAA Exhibit 1 at 12 ¶ 3.)

30.    JPMC has multiple reasons to be concerned that Ms. Brown is a vulnerable person being subjected to financial exploitation, and therefore continues to restrict Account 5725:

- She is elderly and wheelchair-bound, and has, until recently, been residing in assisted living and the hospital in order to recover from significant and debilitating illnesses;

- She at times has appeared sedated, has not been lucid, and did not remember opening Account 5725 and adding Rodney Brown as a joint accountholder;

- Rodney Brown indicated that he was going to use the Funds deposited into Account 5725 for his real estate business;

- Ms. Brown has indicated that she wants Mr. Roberson to handle her finances;

- Ms. Brown has signed two conflicting powers of attorney in a short period of time;

- On information and belief, the Funds Rodney Brown intended to use come from a loan taken out against property owned by Ms. Brown; therefore, she is solely responsible for repaying that debt;

- Mr. Roberson has expressed concerns that his uncles, William Michael Brown and Rodney Brown, are exploiting Ms. Brown;

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 13
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1

- Rodney Brown and William Michael Brown have claimed that Mr. Roberson is exploiting Ms. Brown;

- Other records indicate that Mr. Roberson has transferred money and title of the 16th Avenue Property into his name (Mr. Roberson states that he did so to protect Ms. Brown's assets from Rodney Brown and William Michael Brown); and

- William Michael Brown and Rodney Brown may be isolating Ms. Brown by moving her to their house, located at 3918 S. Brandon, Seattle, Washington, instead of back into the 16th Ave. Property where other family members planned to assist her.

31.     JPMC offered to assist Rodney Brown by issuing certified checks to directly pay bills on behalf of Ms. Brown until its investigation was completed.

32.     Instead of accepting JPMC's offer, Rodney Brown filed this lawsuit accusing JPMC of multiple violations of law, including race discrimination.

## IV.     CAUSE OF ACTION AGAINST COUNTERCLAIM DEFENDANT AND THIRD-PARTY DEFENDANTS

### (Interpleader Pursuant to Fed. R. Civ. P. 22)

33.     JPMC repeats and realleges each and every allegation set forth in paragraphs 1 through 32 of this counterclaim and third-party complaint to the same extent as if those allegations were set forth here in full.

34.     JPMC is a stakeholder in this case and has possession of the Funds.  It further has a question as to whether $5,000 withdrawn from Account 9599 on May 15 and 16, 2019, by Ms. Brown was proper.  That money (and other money as well) may need to be returned to Ms. Brown.

35.     As set forth above, counterclaim defendant and third-party defendants have claims to the Funds that are adverse to each other.

36.     JPMC has no claim to the Funds, but is exposed to the vexation of defending multiple claims to the Funds that are under its control.  It has no means other than this interpleader action of protecting itself against the threat of multiple liabilities from counterclaim

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT - 14
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1

defendant and third-party defendants.  Further, JPMC wants to ensure that Ms. Brown's Funds are used how she sees fit and not defalcated through exploitation.

37.     In these circumstances, JPMC is entitled to interplead all parties who may have claims to or rights in the Funds and obtain a determination by the Court, pursuant to Fed. R. Civ. P. 22, of the rights of the counterclaim defendant and the third-party defendants, and an order discharging JPMC from liability upon its payment of the Funds into the registry of the Clerk of the Court.

38.     JPMC is further entitled to recover its attorney's fees for having to bring this interpleader action.

WHEREFORE, JPMC prays for judgment against counterclaim defendant and third-party defendants as follows:

1.     Directing JPMC to pay the entirety of the Funds now existing in Accounts 5725 and 9599, totaling $70,5832.82, into the registry of the Clerk of the Court, to be held therein subject to further orders of the Court;

2.     Fully and finally discharging JPMC from any and all further liability with respect to the Funds, and dismissing JPMC from this action;

3.     Resolving the counterclaim defendant and third-party defendants' respective rights to the Funds, the additional $5,000 withdrawn from Account 9599, and other proceeds that may be at issue;

4.     Awarding JPMC its costs, attorneys' fees, and any other liabilities incurred by it in connection with this action, and otherwise; and

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 15
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1

1     5.      Awarding such other or further relief as may be just and proper.

2     DATED:  September 5, 2019

3                                        LANE POWELL PC

4

5                                        By: s/Pilar French
6                                            Pilar French, WSBA No. 33300
                                             frenchp@lanepowell.com
7
                                             s/Katie Bass
8                                            Katie Bass, WSBA No. 51369
                                             bassk@lanepowell.com
9
10                                           1420 Fifth Ave. Suite 4200
                                             P O Box 91302
11                                           Seattle, WA  98111-9402
                                             Telephone: 206.223.7000
12
                                         Attorneys for Defendant, Counterclaimant, and
13                                       Third-Party Plaintiff JPMorgan Chase Bank,
                                         N.A.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 16
NO. 2:19-CV-01377

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

Michael S. Safren, Esq.
Barokas Martin & Tomlinson
1000 Second Avenue, Suite 3660
Seattle, WA 98104
E-Mail:  mss@bmatlaw.com

☑ **by CM/ECF**
☑ **by Electronic Mail**
☐ **by Facsimile Transmission**
☑ **by First Class Mail**
☐ **by Hand Delivery**
☐ **by Overnight Delivery**

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

DATED September 5, 2019, at Seattle, WA.

_s/Janet Wiley_____
Janet Wiley, Legal Assistant

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM,
AND THIRD-PARTY COMPLAINT - 17
NO. 2:19-CV-01377

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

122006.0210/7775867.1