THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY RICARDO BROWN, | CASE NO. C19-1377-JCC |
| Plaintiff, | ORDER |
| v. | |
| JP MORGAN CHASE BANK NA | |
| Defendant, | |
| v. | |
| MARIO A. ROBERSON, WILLIAM MICHAEL BROWN, PAMELA CREMIEUX, and DOROTHY P. BROWN, | |
| Third-Party Defendants. | |

    This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") status report regarding recommendations for guardian *ad litem* appointment (Dkt. No. 33).

    In its answer to Plaintiff's complaint, JPMC asserted an interpleader complaint and impleaded third-party Defendant Dorothy P. Brown to this action.[1] (Dkt. No. 6 at 6–16.) JPMC

---

[1] The Court granted JPMC's interpleader complaint, ordered JPMC to deposit the funds at issue in this case into the court registry, and dismissed JPMC from this case. (*See* Dkt. Nos. 35, 39.)

served Ms. Brown with the complaint and a summons at her residence on September 20, 2019. (Dkt. No. 18.) To date, Ms. Brown has neither appeared in this action nor answered JPMC's third-party complaint. JPMC has alleged facts that, if true, raise a serious doubt as to Ms. Brown's competency. (*See* Dkt. Nos. 6 at 9–14, 27 at 3–5.) JPMC has also alleged that Ms. Brown is the subject of an open Adult Protective Services investigation. (*Id.* at 7.) Furthermore, JPMC has alleged that Ms. Brown likely has an interest in the funds at issue in this action. (*See id.*) JPMC's concerns are corroborated by third-party Defendants Mario Roberson and Pamela Cremieux. (*See* Dkt. Nos. 25, 30.)

JPMC moved for appointment of a guardian *ad litem* for Ms. Brown. (Dkt. No. 27.) Plaintiff did not oppose the motion. The Court accordingly granted the motion and ordered the parties to propose candidates to serve as guardian *ad litem*. (Dkt. No. 31.) JPMC conferred with Ms. Cremieux and Mr. Roberson and attempted to confer with Plaintiff. (Dkt. No. 33 at 1–2.) No party was able to identify a candidate to serve as guardian *ad litem*. (*Id.*)

Federal Rule of Civil Procedure 17(c) requires the court to appoint a guardian *ad litem* or issue other appropriate orders to protect an incompetent person who is unrepresented in an action. Appointments under Rule 17(c) are normally left to the "sound discretion of the trial court." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Washington law provides that a court may on its own motion appoint an attorney to represent an alleged incapacitated person, and such counsel "shall act as an advocate for the client and shall not substitute counsel's own judgment for that of the client on the subject of what may be in the client's best interests." Wash. Rev. Code § 11.88.045.

The Court previously determined that, based on uncontroverted allegations regarding Ms. Brown's lack of capacity and possible financial exploitation, Ms. Brown requires appointed counsel to represent her interests in this case. (*See* Dkt. No. 31.) King County maintains a registry of attorneys available to represent alleged incapacitated persons. Julie R. Sommer is listed in the registry as an attorney qualified to represent alleged incapacitated persons.

ORDER
C19-1377-JCC
PAGE - 2

Accordingly, the Court hereby ORDERS as follows:

1. Based on Ms. Sommer's eligibility and qualifications as described in the King County registry, the Court hereby APPOINTS Julie R. Sommer and the firm Julie R. Sommer, PLLC, 701 Fifth Ave., Suite 4640 Seattle, WA 98104, to serve as counsel for Dorothy P. Brown to represent Ms. Brown's interests in this case.

2. Ms. Sommer shall be paid at a reasonable rate from the funds at issue previously deposited in the court registry.

3. Ms. Sommer shall not employ or retain counsel or experts to assist in these duties except as authorized in advance by the Court.

4. The Clerk is DIRECTED to send a copy of this order to Julie R. Sommer at jsommer@jsommerlaw.com.

DATED this 2nd day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE