THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY RICARDO BROWN,<br><br>        Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK NA,<br><br>        Defendant,<br><br>  v.<br><br>MARIO A. ROBERSON, WILLIAM MICHAEL BROWN, PAMELA CREMIEUX, and DOROTHY P. BROWN,<br><br>        Third-Party Defendants. | CASE NO. C19-1377-JCC<br><br>ORDER |

This matter comes before the Court on Third-Party Defendant Dorothy Brown's unopposed motion to dismiss and release funds (Dkt. No. 47) and Julie Sommer's motion for attorney fees and costs (Dkt. No. 49). Having thoroughly considered the motions and relevant record, the Court GRANTS the motions for the reasons explained herein.

**I.     BACKGROUND**

In 2019, Plaintiff/Counter-Defendant Rodney Brown ("Mr. Brown") and Third-Party Defendant William Michael Brown brought their elderly mother, Third-Party Defendant Dorothy

Brown, into one of J.P. Morgan Chase's ("JPMC") branch banks. (Dkt. No. 6 at 9.) Ms. Brown opened Account 5725 ("the account") in her name and deposited a check payable only to herself from CW Title. (*Id.*) Ms. Brown obtained the funds after taking out a mortgage against real property that only she owned. (*Id.*) The following week, Ms. Brown and her sons returned to the branch and added Mr. Brown's name to the account. (*Id.* at 10.) Because bank employees suspected Ms. Brown might be a victim of elder exploitation, JPMC restricted the account and opened an investigation. (*Id.* at 10.)

Mr. Brown sued JPMC for conversion, interference with chattel, fraud, and violation of Washington's Consumer Protection Act and Law Against Discrimination. (Dkt. No. 1-1.) JPMC asserted an interpleader counterclaim against Mr. Brown and a third-party interpleader complaint against Ms. Brown, William Michael Brown, Mario Roberson (Ms. Brown's grandson), and Pamela Cremieux (Ms. Brown's long-time friend and neighbor), asking the Court to determine the parties' rights to the funds. (Dkt. No. 6 at 6–7.)

On JPMC's motion, the Court dismissed Mr. Brown's claims against JPMC, discharged JPMC from liability for the funds, ordered JPMC to deposit the funds into the Court registry, and dismissed JPMC from this action. (Dkt. Nos. 35, 39.) The Court also appointed counsel for Ms. Brown under Federal Rule of Civil Procedure 17(c). (Dkt. Nos. 31, 40.) Ms. Brown now moves to dismiss this action and disburse the funds in the Court registry to her. (Dkt. No. 47.) No other party has opposed the motion or filed a competing motion claiming ownership of the funds.

**II.   ANALYSIS**

**A.   Motion to Dismiss and Disburse Funds**

Ms. Brown asks the Court to dismiss this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute because "Plaintiff has taken no action in this case and has withdrawn." (Dkt. No. 47 at 5.) However, the Court construes the motion as one seeking judgment on the pleadings. Ms. Brown's Rule 41 argument overlooks the fact that the Court dismissed Mr. Brown's claims in April 2020 and that he remains in the suit only as a counter-

defendant and potential claimant to the funds. (Dkt. No. 35.) Therefore, Ms. Brown is not entitled to a dismissal of this action for failure to prosecute under Rule 41.

Judgment on the pleadings is warranted if the moving party would receive judgment as a matter of law even if all the allegations in the non-moving party's pleadings were assumed to be true. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). If the nonmoving parties fail to respond to a motion for judgment on the pleadings, the failure "may be considered by the court as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).

Based on the pleadings, it is clear that Ms. Brown is entitled to judgment as a matter of law that she is the owner of the funds. Under Washington's Financial Institution Individual Account Deposit Act, funds deposited in a joint account "belong to the depositors in proportion to the net funds owned by each depositor on deposit in the account." Wash. Rev. Code. 30A.22.090(2). The statute "creates a rebuttable presumption that funds in a joint account with right of survivorship are owned by the depositors in proportion to the amount deposited by each." *Morse v. Williams*, 740 P.2d 884, 888 (1987). Here, the interpleader complaint alleges that the funds in the account were deposited by Ms. Brown and represent the proceeds of a check made payable to her only. (Dkt. No. 6 at 9.) No party's responsive pleading denies that fact or makes any allegations that would overcome the rebuttable presumption that she is the owner of the funds. (*See* Dkt. Nos. 21, 25, 30.) Accordingly, the Court GRANTS Ms. Brown's motion to release the funds to her (Dkt. No. 47).

**B. Appointed Counsel's Motion for Attorney Fees and Costs**

Appointed counsel for Ms. Brown, Julie Sommer, also moves for attorney fees and costs. (Dkt. No. 49.) The Court concludes that the fees accrued by Ms. Sommer in the amount of $4,180 and costs advanced in the sum of $45 for a total amount of $4,225 are reasonable and are

approved.[1] This sum shall be made payable to Ms. Sommer out of the funds in the Court's registry.

### C.  CONCLUSION

For the foregoing reasons, the Court GRANTS Ms. Brown's motion to release funds (Dkt. No. 47) and Ms. Sommer's motion for attorney fees and costs (Dkt. No. 49). The Court will, by separate order, direct the Clerk to draw checks from the Court's registry in accordance with this order once Ms. Brown's counsel submits a document indicating to whom each check should be made payable and to what mailing address each check should be sent. *See* W.D. Wash. Local Civ. R. 67(b) (requiring this information to be included with a proposed order on a motion to disburse registry funds). Upon receipt of this information, the Court will promptly issue the order.

DATED this 10th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Ms. Sommer's declaration states that she performed 13.4 hours of work and anticipated performing one more hour, but her itemized statement of time documents 19.9 hours. (*See* Dkt. No. 49 at 2, 4.) 19.9 hours plus one hour is 20.9 hours, and at her billing rate of $200/hour, she incurred $4180 in fees. Therefore, despite the erroneous statement of the number of hours worked, she correctly calculated her fees.

ORDER
C19-1377-JCC
PAGE - 4